UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **HEWLETT EDWARD MORRIS, JR.**, an individual, | CIVIL ACTION |
| Plaintiff, | Case No. 2:24-cv-204 |
| v. | Judge: |
| **CLIFTONLARSONALLEN, LLP**, a Minnesota limited liability partnership, | Mag. Judge: |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **HEWLETT EDWARD MORRIS, JR.** ("MORRIS" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Age Discrimination in Employment Act (ADEA), Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) retaliation violation of the ADEA, (4) retaliation in violation of the FCRA, (5) disability discrimination in violation of the ADA, and (6) disability discrimination in violation of the FCRA,.

1

## PARTIES

2. The Plaintiff, **HEWLETT EDWARD MORRIS, JR.** ("**MORRIS**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, **CLIFTONLARSONALLEN, LLP** ("Defendant") is a Minnesota limited liability partnership that employed **MORRIS** in Collier County, Florida.

4. At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **MORRIS**' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Collier County is within the Fort Myers Division.

8. **MORRIS** received a Notice of Right to Sue from the EEOC on or about December 19, 2023, and this action is timely filed.

## GENERAL ALLEGATIONS

9. **MORRIS** began his employment with the Defendant in 2007 and was employed as a Director in the Defendant's office in Naples, Florida.

10. **MORRIS** was born in 1952 and thus was well over the age of 40 at the time of his termination by the Defendant.

11. **MORRIS** always performed his assigned duties in a professional manner and was very well qualified for his position.

12. **MORRIS** always met and exceeded performance and productivity goals, and had received good performance reviews. **MORRIS** was a top performer and a national leader within the company.

13. In or about January 2023, **MORRIS** was suddenly asked when he would be retiring.

14. When **MORRIS** told the Defendant that he had decided on a retirement date of December 31, 2028, the Defendant replied, "assuming you remain in good health," which **MORRIS** objected to.

15. Shortly thereafter, **MORRIS** was assigned a new area of focus as a Director.

16. But just one week later, the Defendant approached **MORRIS** and stated that he was being terminated.

17. The Defendant then replaced **MORRIS** with someone outside of his protected class who is in his 30s.

18. At all material times, the Defendant was aware of **MORRIS'** age and actual/perceived disabilities, and consequently, his protected classes, which are the bases for its discriminatory employment practices toward him.

## COUNT I – VIOLATION OF THE ADEA

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. **MORRIS** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

21. **MORRIS** is a member of the protected age class (over the age of 40).

22. **MORRIS** was well qualified for the positions he held with the Defendant.

23. Despite his qualifications, **MORRIS** has suffered adverse employment action in the form of termination.

24. A younger person with inferior qualifications and performance replaced **MORRIS**.

25. The Defendant sought applicants for the same position that **MORRIS** held who were outside of **MORRIS'** protected class.

26. The Defendant has discriminated against **MORRIS** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

27. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **MORRIS** because of his age.

28. The Defendant's violations of the law were knowing and willful.

29. A causal connection exists between **MORRIS'** age and his termination.

30. As a result of the above-described violations of the ADEA, **MORRIS** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

31. **MORRIS** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

32. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

33. **MORRIS** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

34. **MORRIS** is a member of the protected age class (over the age of 40).

35. **MORRIS** was well qualified for the positions he held with the Defendant.

36. Despite his qualifications, **MORRIS** has suffered adverse employment action in the form of termination.

37. A younger person with inferior qualifications and performance replaced **MORRIS**.

38. The Defendant sought applicants for the same positions that **MORRIS** held who were outside of **MORRIS'** protected class.

6

39. The Defendant has discriminated against **MORRIS** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

40. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **MORRIS** because of his age.

41. The Defendant's violations of the law were knowing and willful.

42. A causal connection exists between **MORRIS'** age and his termination.

43. As a result of the above-described violations of the FCRA, **MORRIS** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

44. **MORRIS** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADEA- RETALIATION

45. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

46. Following **MORRIS**' objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment by terminating **MORRIS**.

47. **MORRIS**' objection to age discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

48. Said protected activity was the proximate cause of the Defendant's negative employment actions against **MORRIS** including changed working conditions, discipline, and ultimately termination.

49. Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against **MORRIS** via changed working conditions, discipline, and termination.

50. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

51. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **MORRIS** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

52. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MORRIS** is entitled to all relief necessary to make him whole as provided for under the ADEA.

53. As a direct and proximate result of the Defendant's actions, **MORRIS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

54. **MORRIS** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

55. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

56. Following **MORRIS'** objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment by terminating **MORRIS**.

57. **MORRIS**' objection to age discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

58. Said protected activity was the proximate cause of the Defendant's negative employment actions against **MORRIS** including changed working conditions, discipline, and ultimately termination.

59. Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against **MORRIS** via changed working conditions, discipline, and termination.

60. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MORRIS** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

62. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MORRIS** is entitled to all relief necessary to make him whole as provided for under the FCRA.

63. As a direct and proximate result of the Defendant's actions, **MORRIS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **MORRIS** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

65. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

66. At all relevant times, **MORRIS** was an individual with a disability/perceived disability within the meaning of the ADA.

67. Specifically, **MORRIS** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

68. **MORRIS** is a qualified individual as that term is defined in the ADA.

69. **MORRIS** is an individual who at all relevant times could perform the essential functions of the job with the Defendant.

70. At all material times, **MORRIS** was an employee and the Defendant was his employer covered by and within the meaning of the ADA.

71. **MORRIS** has disabilities/perceived disabilities, which qualify under the ADA.

72. Defendant discriminated against **MORRIS** with respect to the terms, conditions, and privileges of employment because of his disabilities/perceived disabilities.

73. Defendant conducted itself with malice or with reckless indifference to **MORRIS'** federally protected rights.

74. Defendant discriminated against **MORRIS** in violation of the ADA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

75. The conduct of Defendant altered the terms and conditions of **MORRIS**' employment and **MORRIS** suffered negative employment action in the form of discipline and termination.

76. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **MORRIS** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

77. As a direct and proximate result of the violations of the ADA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MORRIS** is entitled to all relief necessary to make him whole.

78. As a direct and proximate result of the Defendant's actions, **MORRIS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

79. **MORRIS** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION

80. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

81. At all relevant times, **MORRIS** was an individual with a disability/perceived disability within the meaning of the FCRA.

82. Specifically, **MORRIS** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

83. **MORRIS** is a qualified individual as that term is defined in the FCRA.

84. **MORRIS** is an individual who at all relevant times could perform the essential functions of the job with the Defendant.

85. At all material times, **MORRIS** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

86. **MORRIS** has disabilities/perceived disabilities, which qualify under the FCRA.

87. Defendant discriminated against **MORRIS** with respect to the terms, conditions, and privileges of employment because of his disabilities/perceived disabilities.

88. Defendant conducted itself with malice or with reckless indifference to **MORRIS'** protected rights under Florida law.

89. Defendant discriminated against **MORRIS** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

90. The conduct of the Defendant altered the terms and conditions of **MORRIS'** employment and **MORRIS** suffered negative employment action in the form of discipline and termination.

91. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MORRIS** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

92. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MORRIS** is entitled to all relief necessary to make him whole.

93. As a direct and proximate result of the Defendant's actions, **MORRIS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

94. **MORRIS** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 6, 2024         /s/ Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com